JOSE MARTINEZ  :
  :   PRISONER CASE NO.
  v.  :   3:07-cv-1475 (JCH)
  :
WARDEN  :   DECEMBER 17, 2007

<u>RULING ON PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 1]</u>

Petitioner, an inmate confined at Cheshire Correctional Institution in Cheshire, Connecticut, brings this action <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state conviction on the ground that the State violated his right to a speedy trial under the Interstate Agreement on Detainers. For the reasons that follow, the petition is dismissed.

**BACKGROUND**

On January 8, 1999, petitioner was arrested on drug charges in Philadelphia, Pennsylvania. On February 3, 1999, Connecticut delivered to the Philadelphia police a fugitive warrant for petitioner's arrest on murder charges. The Pennsylvania court ordered that petitioner be returned to Connecticut once the Pennsylvania charges were resolved.

On December 22, 1999, a federal grand jury returned an indictment against petitioner. When the state charges were nolled in January 2000, petitioner was not returned to Connecticut. Instead, he was presented in federal court in the Eastern District of Pennsylvania on the indictment and the United States Marshal Service assumed custody. Petitioner was convicted on the federal charges and began serving his sentence at the Federal Correctional Institution in Ray Brook, New York. On

January 30, 2001, Connecticut lodged a detainer with the Bureau of Prisons.

On February 1, 2001, petitioner completed forms requesting a speedy trial under the Interstate Agreement on Detainers and gave them to prison officials for mailing. The forms were not mailed. Instead, federal authorities investigated, determined that petitioner should have been returned to Connecticut in January 2000, and made arrangements to have petitioner transferred to Connecticut. Petitioner was not informed of this investigation.

After 180 days passed, petitioner sought dismissal of the Connecticut charges. On May 14, 2003, a hearing was held on the motion to dismiss. The state court denied the motion because, under Fex v. Michigan, 07 U.S. 43 (1993), the 180-day period would not commence running until Connecticut received the speedy trial request, and Connecticut officials had done nothing that would warrant application of equitable estoppel. See Transcript of May 14, 2003 hearing, attached to petition.

**DISCUSSION**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." Id. at 845. The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). In other words, "[t]he claim presented to the state court . . . must be the

2

'substantial equivalent' of the claim raised in the federal habeas petition." <u>Jones v. Keane</u>, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Second, he must have "utilized all available mechanisms to secure appellate review of the denial of that claim." <u>Lloyd v. Walker</u>, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing <u>Wilson v. Harris</u>, 595 F.2d 101, 102 (2d Cir. 1979)).

Petitioner raised four issues on direct appeal: juror misconduct, prosecutorial misconduct, and the propriety of jury instructions on reasonable doubt and consciousness of guilt. <u>See</u> Pet. at 3, ¶ 13(f). In this Petition, he challenges only the violation of his right to a speedy trial. Petitioner concedes that he did not raise this issue on direct appeal or in a state habeas petition. <u>See</u> Pet. at 9-10, ¶¶ 19(c) & (d)(1).

Petitioner argues that he did not exhaust his state court remedies because the trial court stated that any error was made by federal, not state, officials. The fact that the trial court ruled against him does not preclude an appellate court from reaching a different result. Thus, the Petition must be dismissed for failure to exhaust state court remedies.

**CONCLUSION**

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies. The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would

find debatable the correctness of the district court's ruling).  The Clerk is directed to

enter judgement and close this case.[1]

**SO ORDERED**.

Dated this 17th day of December, 2007, at Bridgeport, Connecticut.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

1. The Connecticut Supreme Court affirmed petitioner's conviction on June 22, 2006. See State v. Martinez, 279 Conn. 902, 901 A.2d 1224 (2006).  There is a one-year limitations period for filing a federal habeas petition, which began to run when petitioner's conviction became final.  See 28 U.S.C. § 2244(d)(1)(A).  Here, the limitations period commenced on September 20, 2006, at the conclusion of the time within which petitioner could have filed a petition for certiorari to the United States Supreme Court.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.) (holding in case where petitioner had appealed to state highest court, direct appeal also included filing petition for writ of certiorari to Supreme Court or the expiration of time within which to file petition), cert. denied, 534 U.S. 924 (2001).  The limitations period concluded one year later, on September 20, 2007.

Petitioner signed this petition on October 1, 2007, eleven days after the limitations period expired.  Even applying the prison mailbox rule, which considers a prisoner's complaint to be filed when he gives it to prison officials for mailing, the petition was eleven days too late. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  Thus, unless equitable tolling applies, the Petition also is time-barred.